IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT OSTEN, <br><br> Plaintiff, <br><br> v. <br><br> FREDERICK J. HANNA & ASSOCIATES., <br><br> Defendant. | C.A. No. 10-254 Erie <br> District Judge McLaughlin |

**MEMORANDUM ORDER**

McLAUGHLIN, SEAN J., J.

    This matter is before the Court upon Defendant's Motion for Stay of Proceedings. Plaintiff brought the underlying action pursuant to the Fair Debt Collections Practices Act, 15 U.S.C. Section 1692 *et seq*. ("FDCPA"). In his Complaint, Plaintiff alleges that a collection letter sent by the Defendant violated the FDCPA by improperly suggested that an attorney had been engaged to collect an outstanding debt despite that no attorney had reviewed the case. A Pennsylvania district court recently granted summary judgment in favor of a plaintiff in a case raising similar facts in Lesher v. Law Office of Mitchell N. Kay, 724 F.Supp.2d 503 (M.D. Pa 2010). The decision in Lesher has been appealed to the Third Circuit Court of Appeals at Case No. 10-3194. Oral argument on the appeal is currently scheduled for April 11, 2011.

    The United States Supreme Court has noted that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). The Third Circuit has observed that, " in the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may

1

substantially affect it or be dispositive of the issues." Bechtel Corp. v. Local 215, Laborers' Int'l., 544 F.2d 1207, 1215 (3rd Cir. 976). Defendant requests that this matter be stayed pending the Third Circuit's decision based on the likelihood that Lesher will prove instructive (or dispositive) as to the legal claims asserted in the instant matter and because it will save the parties from engaging in expensive discovery and motion practice that may ultimately turn out to be unnecessary.

Upon consideration of the similarities between this action and Lesher, I conclude that the interests of judicial economy and efficiency are best served by staying this action. The Third Circuit's decision in Lesher will likely offer significant guidance in resolving the legal issues presented in this action. "The mere possibility that a substantial amount of the court's work, if undertaken now, may shortly prove to have been unnecessary, cautions against undue haste in proceeding with this civil action." Golden Quality Ice Cream Co., Inc., v. Deerfield Specialty Papers, Inc., 87 F.R.D. 3, 57 (E.D. Pa 1980); Resco Products, Inc. v. Bosai Minerals Group Co., Ltd., 2010 WL 2331069, *7 (W.D. Pa 2010). Moreover, the risk of harm to the parties is minimal given that the delay will not be significant and that the outcome of Lesher may prevent "unnecessary proceedings." Collier v. Marshall, Dennehy, Warner, Coleman & Goggin, 1991 WL 52770, *1 (E.D. pa. 1991).

## IV. CONCLUSION

For the reasons stated herein, Defendant's motion for stay of proceedings is GRANTED.